**IN THE COURT OF APPEALS OF IOWA**

No. 15-2164
Filed October 26, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRIAN SEAN MORAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Boone County, James B. Malloy,

District Associate Judge.

        The defendant appeals his conviction for driving while barred.
**AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee.

        Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**MCDONALD, Judge.**

Following a trial on the minutes of testimony, Brian Moran was convicted of driving while barred, in violation of Iowa Code sections 321.560 and 321.561 (2015), and sentenced to two days' incarceration in the county jail. He appeals his conviction, contending the district court erred in denying his motion to suppress evidence obtained after an allegedly illegal traffic stop.

We review claims of constitutional violations de novo in light of the totality of the circumstances. *See State v. Walshire*, 634 N.W.2d 625, 626 (Iowa 2001). In doing so, we examine the entire record, including evidence presented at the suppression hearing. *See State v. Jones*, 666 N.W.2d 142, 145 (Iowa 2003). Although our review is de novo, we do afford the decision of the district court deference for policy reasons. *See State v. Naujoks*, 637 N.W.2d 101, 106 (Iowa 2001); *In re P.C.*, No. 16-0893, 2016 WL 4379580, at *2 (Iowa Ct. App. Aug. 17, 2016) (stating appellate courts should exercise "de novo review with deference" in "recognition of the appellate court's limited function of maintaining the uniformity of legal doctrine; recognition of the district court's more intimate knowledge of and familiarity with the parties, the lawyers, and the facts of a case; and recognition there are often undercurrents in a case—not of record and available for appellate review—the district court does and should take into account when making a decision").

The Fourth Amendment to the United States Constitution provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. The "textual touchstone of the Fourth Amendment is

reasonableness." *State v. Lewis*, 675 N.W.2d 516, 529 (Iowa 2004). The Fourth Amendment is applicable to state actors by incorporation via the Fourteenth Amendment. *See Mapp v. Ohio*, 367 U.S. 643, 660 (1961). The Fourth Amendment is implicated when an officer seizes a person. *See State v. Reinders*, 690 N.W.2d 78, 82 (Iowa 2004). During traffic stops, temporary detention constitutes a seizure of persons and therefore must be reasonable under the circumstances. *See Whren v. United States*, 517 U.S. 806, 809–10 (1996).

It is the State's burden to prove by a preponderance of the evidence the legality of the traffic stop. *See State v. Tague*, 676 N.W.2d 197, 204 (Iowa 2004). To determine if the traffic stop was constitutionally reasonable, we look to the "totality of the circumstances confronting a police officer, including all information available to the officer at the time the decision to stop is made." *State v. Kreps*, 650 N.W.2d 636, 642 (Iowa 2002) (citing *United States v. Arvizu*, 534 U.S. 266, 273 (2002)). This is an objective test. *See id.* at 641–42. A mere hunch will not suffice, but the officer may make the traffic stop based on "considerably less" evidence than that required to establish probable cause. *See United States v. Sokolow*, 490 U.S. 1, 7 (1989); *Kreps*, 650 N.W.2d at 642 ("The evidence justifying the stop need not rise to the level of probable cause."). If the officer did not have reasonable suspicion to make the investigatory stop, then the stop violated the defendant's rights and "all evidence flowing from the stop is inadmissible." *Tague*, 676 N.W.2d at 206.

After eleven o'clock at night, an off-duty police officer serving the cities of Boone and Ogden, who resides in Ogden, contacted an on-duty police officer in

Ogden to report an incident. A motorist had driven a Buick slowly down the street, pulled into the officer's front yard—the grass and not the paved driveway—and shined the vehicle's headlights into the officer's bedroom window for approximately fifteen seconds. The vehicle slowly drove away but then returned maintaining a slow rate of speed. The officer thought it might have been a threat or an act of harassment because of his status as a police officer. The Ogden officer responded quickly, located a vehicle matching the description in the area, and executed a stop of the vehicle to investigate further. The off-duty officer drove to the location of the traffic stop and confirmed it was the same vehicle he had observed. We now know the driver of the vehicle was Moran. The Ogden officer requested Moran's license and learned Moran was driving while barred. The Ogden officer arrested Moran.

We conclude the traffic stop was justified. "The purpose of an investigatory stop is to allow a police officer to confirm or dispel suspicions of criminal activity through reasonable questioning." *Kreps*, 650 N.W.2d at 641. The conduct reported was sufficient to give rise to reasonable suspicion the driver was impaired or may have intended to harass the officer within the meaning of Iowa Code section 708.7. *See State v. Reynolds*, 670 N.W.2d 405, 410 (Iowa 2003) ("The closeness of the defendant's vehicle to the victim's car and home satisfies the physical proximity alternative of the personal contact requirement."). Moran argues there was an innocent explanation for his conduct—he was lost and turned around. That may well have been true, but it is largely immaterial to the motion to suppress.

> [P]olice officers are not required to rule out the possibility of innocent behavior before initiating a brief stop. . . . [S]uspicious conduct by its very nature is ambiguous, and the principle function of the investigative stop is to quickly resolve that ambiguity. Therefore, if any reasonable inference of wrongful conduct can be objectively discerned, notwithstanding the existence of other innocent inferences that could be drawn, the officers have the right to temporarily detain the individual for the purpose of inquiry.

*Kreps*, 650 N.W.2d at 643 (quoting *State v. Anderson*, 454 N.W.2d 763, 766 (Wis. 1990).

Moran contends the off-duty officer's description of the vehicle was insufficient to identify Moran's vehicle. We disagree. Moran's vehicle matched the make of the vehicle the off-duty officer observed. The officers testified the stop was executed in a small town in a low traffic area at night when there would be few cars on the road. *See, e.g., State v. Williams*, No. 15-1110, 2016 WL 3002749, at *2 (Iowa Ct. App. May 25, 2016) (concluding description of the make and color of the vehicle was sufficient to identify the vehicle for purposes of traffic stop). The stop was executed in temporal proximity of the telephone call, increasing the likelihood the stopped car was the observed car.

For the foregoing reasons, the district court did not err in denying the defendant's motion to suppress evidence. We affirm the conviction.

**AFFIRMED.**